UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-CIV-80203-MIDDLEBROOKS/MATTHEWMAN

LIBERTY SURPLUS INSURANCE
CORPORATION,

    Plaintiff,

v.

KAUFMAN LYNN CONSTRUCTION INC.,
and UNITED GLASS SYSTEMS CORPORATION,

    Defendants.
_____/

KAUFMAN LYNN CONSTRUCTION INC.,

    Counterclaim Plaintiff,

v.

LIBERTY SURPLUS INSURANCE
CORPORATION,

    Counterclaim Defendant.
_____/

## OMNIBUS ORDER ON OUTSTANDING DISCOVERY DISPUTES

**THIS CAUSE** is before the Court upon the following: (1) Plaintiff/Counterclaim Defendant Liberty Surplus Insurance Corporation and Defendant/Counterclaim Plaintiff Kaufman Lynn Construction, Inc. ("the parties") Revised Joint Notice Regarding Privilege Log Provided by Liberty Surplus Insurance Corporation [DE 82]; (2) Defendant/Counterclaim Plaintiff Kaufman Lynn Construction, Inc.'s ("Kaufman") Motion to Compel and Motion to Extend Discovery Deadline ("Motion to Compel") [DE 76]; (3) Plaintiff/Counterclaim Defendant Liberty Surplus

1

Insurance Corporation's ("Liberty") Response [DE 87]; (4) Kaufman's Reply [DE 91]; and (5) the Joint Notice Regarding Outstanding Discovery Issues [DE 92], filed pursuant to the Court's August 25, 2022 Paperless Order [DE 84]. The Court held an in-person hearing on: (1) the Motion to Compel; and (2) all remaining outstanding discovery disputes, on September 2, 2022.

## I. PROCEDURAL HISTORY

This case has unfortunately had numerous discovery disputes as the parties' counsel seem unable or unwilling to deal with discovery in a cooperative and professional manner. Recently, on August 5, 2022, Kaufman filed a Motion to Compel and Third Motion to Modify Trial Term [DE 61]. With respect to that motion, the Honorable Donald M. Middlebrooks, United States District Judge, elected to "defer ruling on Kaufman's third request to modify the trial term until the discovery issues raised in DE 61 [were] resolved," referring said discovery issues and all future discovery motions to the undersigned United States Magistrate Judge in this case. [DE 62]. Subsequently, on August 22, 2022—following a hearing conducted via Zoom VTC on the discovery issues referenced in DE 61—the Court entered an "Order Granting in Part and Denying in Part Defendant/Counterclaim Plaintiff Kaufman Lynn Construction, Inc.'s Motion to Compel" ("August 22, 2022 Order") [DE 75]. As is pertinent for purposes of the instant Order, within the Court's August 22, 2022 Order (which reduced the Court's rulings during the August 19, 2022 Zoom VTC hearing to writing), the Court required the parties, on or before 5:00 p.m. on August 22, 2022, to file a Joint Notice "advising the Court as to whether there is any dispute in connection with the documents listed on Liberty's privilege log." [DE 75 at 4]. As stated by the Court:

> If Kaufman is no longer seeking the entirety of Liberty's claims and underwriting files based on Liberty's assertions of privilege, the Court will consider this matter resolved. If, on the other hand, Kaufman maintains that Liberty's privilege log is

> inadequate, Kaufman should state its reasons for seeking the privileged documents, and why Liberty's privilege log is insufficient. Liberty, in turn, shall state its position as to why the privileged documents were properly withheld.

*Id.* at 5.

On August 22, 2022, the parties timely filed the requisite Joint Notice, identifying several disputes concerning Liberty's privilege log. [DE 77]. However, the Court found such Joint Notice insufficient, and therefore required the parties to file an amended Joint Notice on or before August 24, 2022. [DE 80]. Thereafter, on August 24, 2022, the parties filed a Revised Joint Notice Regarding Privilege Log Provided by Liberty Surplus Insurance Corporation ("Revised Joint Notice") [DE 82]. Within the Revised Joint Notice, the parties identified three sources of disputes in connection with Liberty's privilege log; that is, whether identity of counsel, communications between Liberty and its field adjuster, and "claim file notes" were privileged and properly withheld. [DE 82]. Importantly, around that same time, following this Court's discovery rulings in connection with DE 61, Judge Middlebrooks issued an Order Extending Deadlines and Continuing Trial [DE 81]. Specifically, Judge Middlebrooks extended the discovery deadline until September 15, 2022, and the dispositive motion deadline until October 27, 2022. [DE 81 at 2].

Simultaneously, while this Court addressed the remaining privilege log dispute in connection with DE 61, on August 22, 2022, Kaufman filed the instant Motion to Compel [DE 76]. In the Motion to Compel, Kaufman sought to compel a second deposition of Lorna Dorne-Smith, due to Liberty's counsel instructing Ms. Dorne-Smith not to answer several questions during her August 9, 2022 deposition. [DE 76 at 1]. Moreover, Kaufman sought to extend all pre-

3

trial deadlines by thirty days.[1] [DE 76 at 1]. Because of the impending September 15, 2022 discovery deadline—and in the interests of judicial economy—the Court scheduled an in-person hearing on both Kaufman's Motion to Compel [DE 76] and the discovery disputes that remained in connection with DE 61 (that is, Liberty's privilege log). [DE 84]. The Court also required the parties to file an additional Joint Notice, on or before September 1, 2022 at 12:00 p.m., "advising the Court whether the discovery disputes ha[d] been resolved, and if not, which specific discovery disputes remain[ed] for the Court's ruling, at the September 2, 2022 hearing." [DE 84].

On September 1, 2022, the parties filed a Joint Notice Regarding Outstanding Discovery Issues ("Operative Joint Notice") [DE 92]. In that Operative Joint Notice, the parties informed the Court that the privilege log issues concerning identity of counsel, communications between Liberty and its field adjuster, and the "claim file notes" were still at issue. [DE 92 at 2–3]. Further, the parties stated that they were "unable to resolve the issues contained in the briefing pertaining to Kaufman's Motion to Compel a Second Deposition of Lorna Dorne-Smith." [DE 92 at 3]. Those issues related almost entirely to the applicability of the work product doctrine and whether litigation could be reasonably anticipated after Liberty issued a Reservation of Rights letter.

## II. RULING

The Court has carefully considered the relevant law, Kaufman's Motion to Compel [DE 76], Liberty's Response [DE 87], Kaufman's Reply [DE 91], the attachments thereto, the

---

[1] As just stated, Judge Middlebrooks extended the discovery deadline until September 15, 2022. [DE 81 at 2]. Thus, in the Order Extending Deadlines and Continuing Trial [DE 81], Judge Middlebrooks granted in part Kaufman's August 22, 2022 Motion to Compel and Motion to Extend Discovery Deadline. [DE 81 at 2]. Nonetheless, in Kaufman's Reply [DE 91], Kaufman is requesting additional time beyond September 15, 2022, in which to take the second deposition of Ms. Dorne-Smith.

4

Operative Joint Notice [DE 92], argument of counsel at the September 2, 2022 in-person hearing, as well the entire docket in this case. Based on the foregoing, it is hereby **ORDERED** as follows:

1. With respect to Liberty's assertion of privilege pertaining to identity of counsel, Liberty's work product doctrine, attorney-client privilege, and relevancy objections are OVERRULED. Liberty shall serve an amended privilege log **on or before September 9, 2022**, properly identifying the name of the author and/or law firm that authored the withheld documents. *See* S.D. Fla. L.R. 26.1(e)(2)(B)(ii)(a). This is routine information typically contained in a privilege log in this district.

2. With respect to Liberty's assertion of privilege pertaining to communications between Liberty and its field adjuster, Liberty's work product doctrine objections are OVERRULED. The Court rejects Liberty's position that its Reservation of Rights letter established that Liberty reasonably anticipated litigation and therefore the work product doctrine applied at that time. *See Gables Condo. & Club Ass'n v. Empire Indem. Ins. Co.*, No. 18-23659-CIV, 2019 WL 1317824, at *10 (S.D. Fla. Mar. 22, 2019) ("Although Gables cited a case to support its theory that a reservation of rights letter somehow causes an insured to anticipate litigation, the Undersigned does not find the case persuasive."); *U.S. Fid. & Guar. Co. v. Liberty Surplus Ins. Corp.*, 630 F. Supp. 2d 1332, 1337–38 (M.D. Fla. 2007) ("Defending a claim under a reservation of rights is not the same as denying coverage. . . . During those time periods when Liberty was defending under a reservation of rights, any documents were presumptively prepared in the ordinary course of business. It was not until Liberty finally denied coverage on February 9, 2006, that it can be said that litigation was anticipated."). In this regard,

Liberty's counsel stated at the hearing that Liberty has not yet made a final decision on coverage. The Court finds that the documents at issue were prepared in the ordinary course of business. Accordingly, Liberty shall serve an amended privilege log **on or before September 9, 2022**, and produce the communications between Liberty and its field adjuster that were previously withheld.

3. As to Liberty's assertion of privilege pertaining to "claim file notes," Liberty's work product doctrine and attorney-client privilege objections are OVERRULED.[2] The Court again rejects Liberty's claim that a Reservation of Rights letter necessarily means that litigation was then reasonably anticipated. Accordingly, Liberty shall serve an amended privilege log **on or before September 9, 2022**, and produce the previously withheld claims file documents.

4. While it is clear the parties disagree about the nature of this case (and specifically, to the nature of Kaufman's Counterclaim), and although Liberty has a pending Motion to Dismiss Counterclaim [DE 30], the Court notes that Rule 26(b)(1) allows discovery relating to the *pending* claims and defenses. Consequently, because what is relevant now may not necessarily be admissible later, the Court finds absolutely no prejudice to Liberty in producing the aforementioned documents. This Court will not allow discovery to be delayed because of pending motions.

---

[2] In the Operative Joint Notice [DE 92], Liberty argued that "[t]he notes also contain summaries of conversations with coverage counsel, which are protected by the attorney-client privilege." [DE 92 at 3]. However, during the September 2, 2022 hearing, Liberty solely relied on the work product doctrine in relation to the claim file notes.

5. Next, Kaufman's Motion to Compel [DE 76] is **GRANTED**. To the extent Liberty seeks to preclude Ms. Dorne-Smith from testifying on the basis of work product doctrine and relevancy objections, such objections are OVERRULED. Ms. Dorne-Smith shall therefore sit for a second deposition, **on or before September 23, 2022**. In this regard, the Court finds that extending the September 15, 2022 discovery deadline until **September 23, 2022** for the limited purpose of conducting Ms. Dorne-Smith's second deposition is necessary and appropriate. At the second deposition, the parties shall cooperate as professionals in good faith.

6. During Ms. Dorne-Smith's second deposition, the Court finds that the following areas of inquiry are appropriate: (1) Ms. Dorne-Smith's handing of this claim; (2) the materials, statements and documents Ms. Dorne-Smith based her Reservation of Rights letter(s) on; (3) the significance of a certificate of occupancy, if any, when Ms. Dorne-Smith investigated this claim; (4) the process Ms. Dorne-Smith went through in rendering her coverage decision/opinion; (5) whether Ms. Dorne-Smith did or did not consider the application for insurance in rendering her Reservation of Rights or coverage decision, and if not, why not; (6) the relationship, if any, of certain endorsements, policy provisions, or policy documents to this claim; (7) the type of claim that Ms. Dorne-Smith investigated; and (8) questions pertaining to Exhibits 12 or 14, or both, if any, from the exhibits referenced during Ms. Dorne-Smith's first deposition.

7. Additionally, during Ms. Dorne-Smith's second deposition, the Court clarifies that Ms. Dorne-Smith can explain certain policy provisions that apply but should not be required

7

to interpret the meaning of the policy or policy provisions, nor provide legal analysis. The Court notes that Ms. Dorne-Smith is a fact witness. Thus, Ms. Dorne-Smith shall testify concerning the relevant facts and her factual involvement in the case.

8. Under Federal Rule of Civil Procedure 37(a)(3)(B)(i) and 37(a)(5)(A), the Court finds that fee-shifting may be appropriate against Liberty due to the Court's granting herein of the Motion to Compel [DE 76]. Accordingly, the Court reserves jurisdiction to award Kaufman its expenses and attorney's fees, and will enter a further order in this regard if deemed necessary and appropriate at a later date and time.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 6th day of September, 2022.

WILLIAM MATTHEWMAN
United States Magistrate Judge